Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 30
San Diego, CA 92108
P: 619-222-7429
F: 866-431-3292

*Attorneys for Plaintiff*
QUINTIN SHAMMAM

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM, individually and on behalf of others, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA FINANCE CORPORATION, <br><br> Defendant. | Case No.: '24CV0648 H  VET <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** <br><br> **1. Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227,** *et seq.*; <br><br> **2. Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227,** *et seq.*; <br><br> **3. Unlawful Recording of Cellular Communications under California Penal Code Section 632.7; and** <br><br> **4. Invasion of Privacy.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**                1

**INTRODUCTION**

1. QUINTIN SHAMMAM ("Plaintiff"), individually and on behalf of all others similarly situated California residents and nationwide consumers ("Class Members"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of American Honda Finance Corporation ("Defendant"), in negligently, and/or willfully contacting Plaintiff and Class Members for marketing purposes on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA").

2. Plaintiff also alleges that Defendant conducted unauthorized recordings of his conversations with Defendant and recorded Class Members without any notification or warning to Plaintiff or Class Members, thereby invading their privacy, in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, *et seq.* ("CIPA"). California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular telephones. Defendant violated section 632.7, which prohibits intentionally recording all communications involving cellular telephones, not just confidential communications.

3. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because Plaintiff's TCPA claims arise out of violation of federal law 47 U.S.C. §227(b).

5. This court has supplemental jurisdiction for Plaintiff's CIPA claims under 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39) and Cal. Pen. Code § 632(b).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a California corporation with its principal place of business in California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39) and Cal. Pen. Code § 632(b).

10. Defendant offers consumers financial services to finance Honda and Acura automobiles and additional Honda products. Defendant advertises those products through the use of telephone calls.

## FACTUAL ALLEGATIONS

11. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district, specifically by locating Plaintiff's cellular telephone number, leaving artificial or prerecorded voice messages to Plaintiff's cellular telephone, which were directed into the State of California.

12. At no time did Plaintiff provide his current cellular telephone number to Defendant through any medium.

///

13. Since December 1, 2023, Plaintiff received at least forty calls from Defendant placed to Plaintiff's cellular telephone. Plaintiff has never consented to receiving calls from Defendant.

14. Among these calls, Defendant left at least thirty artificial or prerecorded voice messages on Plaintiff's cellular telephone requesting Plaintiff to call Defendant back. Plaintiff has never consented to receiving artificial or prerecorded voice messages from Defendant to his cellular telephone (or in any other manner).

15. On or about March 25, 2024, Defendant called Plaintiff on his cellular telephone number from the number 800-532-8082. When Plaintiff answered the call a pre-recorded or artificial voice responded. Once Plaintiff was transferred to Defendant's representative, Plaintiff requested Defendant to cease calling him. Defendant denied the request.

16. On or about March 26, 2024, Defendant called Plaintiff on his cellular telephone number from the number 800-532-8082. Plaintiff answered the call and it got disconnected. Before Plaintiff was disconnected Plaintiff heard what appeared to be a pre-recorded or artificial voice.

17. On or about March 27, 2024, Defendant called Plaintiff on his cellular telephone number from 800-532-8082. When Plaintiff answered the call, a pre-recorded or artificial voice was on the other end of the call. Once Plaintiff was transferred to a live call representative, Plaintiff asked Defendant to cease calling him. Defendant asserted that they would add it to their notes.

18. On or about March 28, 2024, Defendant called Plaintiff on his cellular telephone number from 800-532-8082. When Plaintiff answered the call, a pre-recorded or artificial voice was on the other end of the call. Once Plaintiff was transferred to a live call representative, Plaintifff asked Defendant to cease calling him. Defendant confirmed to Plaintiff that Plaintiff's number will be removed from their files. Plaintiff asked Defendant's agent if Defendant was

COMPLAINT                                4

recording the call and the agent confirmed that it was, even though Plaintiff had neither consented to the recording nor was he given notice of it.

19. On or about March 30, 2024, Defendant called Plaintiff on his cellular telephone number from 800-532-8082. Plaintiff answered the call and the call got disconnected. Before Plaintiff was disconnected Plaintiff heard what appeared to be a pre-recorded or artificial voice.

20. Plaintiff never provided Defendant prior written express consent to receive the telephone calls and artificial or prerecorded voice messages to Plaintiff's cellular telephone.

21. Defendant's calls forced Plaintiff and other Class Members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

22. Furthermore, Defendant did not advise Plaintiff that any of his calls were being recorded, and Plaintiff did not consent to the call being recorded. Indeed, at no point did Defendant's agent inform Plaintiff that Defendant was recording the call until Plaintiff asked.

23. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked and upset that Defendant recorded his conversation without telling him at the outset of the call.

24. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

25. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

26. Defendant recorded and/or otherwise made an unauthorized connection to Plaintiff's conversation with Defendant's agent in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

27. This suit seeks only damages and injunctive relief for recovery of economic injury, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

28. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

29. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the call would be recorded, and Defendant did not try to obtain the Plaintiff's consent before such recording.

30. The recording and/or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages in California Penal Code § 637.2(a).

31. The invasion of privacy described above caused concrete harm to Plaintiff similar to the harm resulting from trespass to real property which has been unlawful in the United States for hundreds of years. There is no requirement that the invasion causes actual damages to be considered harm.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and proposed Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

33. Plaintiff proposes to represent the following TCPA Class consisting of and defined as follows:

> All persons within the United States who received any call and/or artificial or prerecorded voice messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone, within the four years prior to the filing of this Complaint.

34. Plaintiff proposes to represent the following CIPA Class consisting of and defined as follows:

> All persons in California whose inbound or outbound cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Classes but believes the Class Members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and Class Members by making calls to their cellular telephones, leaving artificial or prerecorded voice messages and recording those calls, without authorization, thereby causing Plaintiff and Class Members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class Members previously paid, and invading the privacy

COMPLAINT 7

of said Plaintiff and Class Members. Plaintiff and Class Members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class Members is impractical and the disposition of their claims in this Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual Class Members, including the following:

   a. Whether, between April 1, 2020, and the present, Defendant or its agents left any marketing voice messages to the TCPA Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using a pre-recorded or artificial voice to any telephone number assigned to a cellular telephone service;

   b. Whether, between April 1, 2020, and the present, Defendant or its agents placed any marketing calls to the TCPA Class (other than a message made for emergency purposes or made with the prior express consent of the called party) and recorded the calls;

   c. Whether Defendant recorded those calls placed to cellular telephones without consent regarding the CIPA class;

   d. Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation including statutory damages; and

COMPLAINT                               8

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

40. As a person that received at least two marketing artificial or prerecord voice messages to his cell phone without providing prior express written consent, and as a person that was recorded without permission, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

41. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Members' claims, few, if any, could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act and the California Invasion of Privacy Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant's calls to Plaintiff's cellular telephone without any prior express consent constitutes negligent violation of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and the TCPA Class are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

# SECOND CAUSE OF ACTION
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant's actions constitute knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the TCPA Class Members are entitled to treble

damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the TCPA Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

# THIRD CAUSE OF ACTION
# ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to secretly record cellular telephone communications between Defendant and Plaintiff and CIPA Class Members.

55. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and CIPA Class Members.

56. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and CIPA Class Members that their cellular telephone communications with Defendant would be recorded.

57. Defendant failed to obtain consent of Plaintiff and CIPA Class Members prior to recording any of their cellular telephone conversations.

58. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

59. Plaintiff and CIPA Class Members are entitled to recovery actual and statutory damages in the amount of $5,000 per violation.

60. Plaintiff's counsel is entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## FOURTH CAUSE OF ACTION
## INVASION OF PRIVACY
## INTRUSION INTO PRIVATE AFFAIRS

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
62. Plaintiff and Class Members had a reasonable expectation of privacy while the above conduct took place.
63. Defendant intentionally intruded into Plaintiff's and Class Members' expectation of privacy.
64. Defendant's intrusion would be highly offensive to a reasonable person.
65. Plaintiff and Class Members were harmed as a direct and proximate result of these unauthorized and unwarned recorded communications.
66. Defendant's conduct was a substantial factor in causing Plaintiff and Class Members this harm

## PRAYER FOR RELIEF

67. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and Class Members the following relief against Defendant:
    - Certify the Classes as requested herein;
    - Appoint Plaintiff to serve as the Representative of the Classes; and
    - Appoint Plaintiff's Counsel as Counsel of the Classes.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500

in statutory damages, for each and every TCPA violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION FOR ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

- Statutory damages of $5,000 for each CIPA Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs; and
- Any other relief the Court may deem just and proper including interest.

## FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS

- Special, general, compensatory and punitive damages;

- Injunctive relief, prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

SWIGART LAW GROUP, APC

Date: April 5, 2024

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorneys for Plaintiff