UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM,<br><br>          Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>          Defendant. | Case No.: 3:24-cv-00648-H-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND FILE THIRD-PARTY COMPLAINT**<br><br>[Doc. No. 20] |

  On September 27, 2024, Defendant American Honda Finance Corporation filed a motion for leave to (1) amend its answer to assert counterclaims against Plaintiff Quintin Shammam; and (2) file a third-party complaint against Danny Barka and ILS Labs, Inc. (Doc. No. 20.) On October 3, 2024, the Court took Defendant's motion under submission. (Doc. No. 21.) On October 14, 2024, Plaintiff filed a response in opposition to Defendant's motion for leave to amend its answer to assert counterclaims against Plaintiff. (Doc. No. 22.) On October 21, 2024, Defendant filed a reply. (Doc. No. 25.) For the reasons below, the Court denies without prejudice Defendant's motion for leave to amend its answer to assert counterclaims and grants its motion to file a third-party complaint.

  / / /

  / / /

# BACKGROUND

**A.    Factual Allegations in Plaintiff's Complaint**

On April 5, 2024, Plaintiff filed a complaint against Defendants including the following factual allegations: Since December 1, 2023, Plaintiff has received at least 40 calls to his cellular telephone from Defendant, calling from the number (800) 532-8082. (Compl., Doc. No. 1 ¶¶ 13, 15-19.)  At least 30 of these calls included artificial or prerecorded voice messages requesting Plaintiff call Defendant back.  (Id. ¶ 14.)  On multiple occasions, Plaintiff picked up the call and was transferred to a live representative, at which point Plaintiff requested Defendant's representative stop calling him.  (See id. ¶¶ 15, 17-18.)  On one of those occasions, Plaintiff asked Defendant's representative if the call was being recorded, and the representative confirmed that it was.  (Id. ¶ 18.)  Plaintiff had not been given notice of the recording, nor had he consented to it.  (Id.)  At no time did Plaintiff ever provide Defendant his phone number or consent to receiving calls from Defendant.  (Id. ¶¶ 12-13.)  Based on these allegations, Plaintiff brings claims for: (1) negligent violation of the Telephone Consumer Protection Act ("TCPA"); (2) knowing and/or willful violation of the TCPA; (3) illegal recording of cellular phone conversations under California Penal Code § 632.7; and (4) invasion of privacy.  (Compl., Doc. No. 1 ¶¶ 45-66.)

**B.    Additional Factual Allegations in Defendant's Proposed Amended Answer and Third-Party Complaint**

On May 30, 2024, Defendant filed an answer to Plaintiff's complaint.  (Doc. No. 10.)  On September 27, 2024, Defendant filed the instant motion (Doc. No. 20), as well as its proposed amended answer with counterclaims (Doc. No. 20-4; Doc. No. 20-5) and proposed third-party complaint (Doc. No. 20-6).

Defendant's motion is based on the following allegations:  On or about May 18, 2020, Danny Barka and ILS Labs, Inc. ("ILS") entered into a Closed-End Motor Vehicle Agreement ("Agreement.")  (See Agreement, Doc. 20-1.)  Defendant is the lessor under the Agreement.  (See id.)

1 In connection with the Agreement, Barka filled out a Personal Credit Application and a Business Credit Application on behalf of ILS (collectively, "Credit Applications.") (See Doc. No. 20-2; Doc. No. 20-3.) In the Business Credit Application, Barka listed his work telephone number as (619) 992-7172. (See Doc. No. 20-2 at 2.) He also provided two credit references, one of whom was Plaintiff. (See id.) In the Personal Credit Application, Barka listed Plaintiff as his nearest relative not living with him, stated Plaintiff was his cousin, and listed Plaintiff's phone number as (619) 444-0001. (See Doc. No. 20-3 at 1.)

Through the Credit Applications, Barka and ILS consented to allow Defendant to contact their telephone numbers via an automatic telephone dialing system and to record such calls. (See Doc. No. 20-2; Doc. No. 20-3; Proposed Counterclaims, Doc. No. 20-4 at 26 ¶ 6; Proposed Third-Party Complaint, Doc. No. 20-6 at 3 ¶ 8.) The Agreement and both Credit Applications contained provisions affirming that the information provided therein was accurate. (See Doc. No. 20-1 at 4; Doc. No. 20-2; Doc. No. 20-3; Proposed Counterclaims, Doc. No. 20-4 at 26 ¶¶ 7-8; Proposed Third-Party Complaint, Doc. No. 20-6 at 3-4 ¶¶ 9-10.)

ILS and Barka defaulted under the Agreement. (Proposed Third-Party Complaint, Doc. No. 20-6 at 4 ¶ 11.) Accordingly, Defendant began making calls to the telephone number (619) 992-7172 regarding the Agreement and the underlying account. (Proposed Counterclaims, Doc. No. 20-4 at 27 ¶ 9; Proposed Third-Party Complaint, Doc. No. 20-6 at 4 ¶ 11.). At the time, Defendant believed the phone number belonged to Barka and/or ILS. (Id.) At no time did Barka or ILS advise Defendant that (619) 992-7172 belonged to or was regularly used by someone else. (Proposed Counterclaims, Doc. No. 20-4 at 27 ¶ 10; Proposed Third-Party Complaint, Doc. No. 20-6 at 4 ¶ 11.) At no time did Barka or ILS ever revoke their consent for Defendant to contact them at (619) 992-7172 or to record such phone calls. (Id.)

Plaintiff has extensive ties with Barka and ILS. (Proposed Counterclaims, Doc. No. 20-4 at 27 ¶ 12.) For example, Plaintiff is Barka's brother-in-law, Plaintiff is ILS's agent

for service of process, and Plaintiff's ex-wife Ann Shammam is ILS's Secretary.  (Id.)  Plaintiff, ILS, and Barka cooperated and conspired together to fraudulently induce Defendant to call Plaintiff rather than Barka or ILS.  (Id.)  Plaintiff facilitated this scheme by consenting to and encouraging Barka to represent on the Credit Applications that the telephone number (619) 992-7172 belonged to Barka and/or ILS.  (Id.)

By the present motion, Defendant moves the Court for an order granting it leave to: (1) amend its answer to include counterclaims against Plaintiff, pursuant to Federal Rules of Civil Procedure 13 and 15; and (2) file a third-party complaint against Barka and ILS, pursuant to Federal Rule of Civil Procedure 14.  (Doc. No. 20.)

## DISCUSSION

### A. Defendant's Motion to Amend its Answer to Include Counterclaims Against Plaintiff is Denied Without Prejudice

#### 1. Legal Standards

Federal Rule of Civil Procedure 15(a) allows a party leave to amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).  Decisions regarding whether to grant leave to amend are "entrusted to the sound discretion of the trial court."  Jordan v. Cnty. of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).

Leave to amend a pleading may be denied "if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile[.]"  Universal

Mortg. Co., Inc. v. Prudential Ins. Co., 799 F.2d 458, 460 (9th Cir. 1986). "A proposed [amendment] is futile if it would be immediately 'subject to dismissal.'" Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998)). Accordingly, the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Id. (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009)).[1]

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

---

[1] Defendant argues in its reply that arguments regarding the sufficiency of its proposed counterclaims would be more appropriately considered on a Rule 12(b)(6) motion to dismiss, citing Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) for the proposition that amendment is futile when no set of facts can be proved that would constitute a valid and sufficient claim. (Doc. No. 25 at 5.) But that case did not require the court to evaluate the legal sufficiency of a party's proposed amendment, as does the instant motion. Rather, the relevant question there was whether the district court erred by not providing leave to amend when it granted a motion to dismiss the complaint. Missouri ex rel. Koster, 847 F.3d at 651, 655-56.

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see L.A. Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

At the pleadings stage, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." L.A. Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678.

**2.  Analysis**

Defendant seeks to add counterclaims for conspiracy to defraud and declaratory relief. (Doc. No. 20 at 3.) Plaintiff argues that, among other reasons, the motion should be denied because Defendant fails to state a claim, and therefore amendment would be futile. (Doc. No. 22 at 6-8.) The Court agrees.

Under California law, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004). To state a claim for conspiracy to defraud, Defendant must allege sufficient facts for civil conspiracy: (1) formation and operation of a conspiracy; (2) wrongful acts done in furtherance of the conspiracy; and (3) resulting damage. Wasco Prods. v. Southwall Techs., 435 F.3d 989, 992 (9th Cir. 2006); Cellular Plus, Inc. v. Superior Ct., 14 Cal. App. 4th 1224, 1236 (Cal. Ct. App. 1993).

Further, under Federal Rule of Civil Procedure 9, Defendant must plead its counterclaim for conspiracy to defraud with particularity. Fed. R. Civ. P. 9(b); see Wasco Products, Inc., 435 F.3d at 992. This means that the party must allege the "who, what, when, where, and how of the misconduct charged." United States v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016). To this end, "mere conclusory allegations of fraud are insufficient." Id. "Broad allegations that include no particularized supporting detail do not suffice, but statements of the time, place and nature of the alleged fraudulent

activities are sufficient." Id. (citations omitted). Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." Kearns v. Ford Motor Co., 567 F.3d at 1124 (quoting In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Here, Defendant's allegations in support of its conspiracy to defraud claim are insufficient under Rule 9(b)'s pleading requirements. Defendant alleges generally that Plaintiff, Barka, and ILS "Plaintiff, ILS, and Barka cooperated and conspired together to fraudulently induce AHFC to call Plaintiff rather than Barka or ILS." (Proposed Counterclaims, Doc. No. 20-4 at 25 ¶ 6.) But these are legal conclusions, which the court need not accept as true. Iqbal, 556 U.S. at 678. Moreover, to meet the particularity requirements of Rule 9(b), "mere conclusory allegations of fraud are insufficient." United Healthcare Ins. Co., 848 F.3d at 1180. Rather, Defendant must allege the "who, what, when, where, and how of the misconduct charged." (Id.)

Defendant alleges the following facts in support of its counterclaim: On the Business Credit Application in support of the Agreement, Barka listed his phone number as (619) 992-7172. (Proposed Counterclaims, Doc. No. 20-4 at 25 ¶ 6.) This number actually belonged to Plaintiff. (Id. at 27 ¶ 10.) In the Credit Applications, Barka provided Plaintiff as a credit reference, stated that Plaintiff was Barka's cousin, and listed Barka's phone number as (619) 444-0001. (Id. at 25-26 ¶ 6.) These allegations regarding Barka's conduct allege nothing about Plaintiff's involvement in the alleged conspiracy to defraud.

Defendant alleges further that Plaintiff has "extensive ties" with Barka and ILS. (Id. at 27 ¶ 12.) Specifically, Plaintiff is Barka's brother-in-law and ILS's agent for service of process. (Id.) Defendant also alleges that Plaintiff's ex-wife, Ann Shammam, is ILS's Secretary. (Id.) But these ties between Plaintiff and Barka do not give rise to the inference

that on any specific occasion Plaintiff conspired with Barka to deliberately misrepresent Barka's phone number on the Credit Applications.

Defendant alleges further that "Plaintiff, Barka, and ILS acted in concert with each other and agreed expressly or tacitly to fraudulently induce AHFC to call the telephone number (619) 992-7172, under the belief that it was Barka or ILS's phone number." (Id. at 28 ¶ 19.) It alleges that "Plaintiff, Barka, and ILS knew that in doing so, AHFC would call the telephone number (619) 992-7172 in order to service the lease owed by Barka and ILS under the Agreement," at which point "Plaintiff would then be able to file a TCPA and CIPA lawsuit against AHFC, taking advantage of the fact that AHFC did not know that the telephone number (619) 992-7172 did not belong to Barka or ILS." (Id. at 28 ¶ 16.) But these are broad allegations lacking any particularized supporting detail. While Defendant has alleged the "who and what" of the alleged conspiracy, it fails to allege any details regarding "when, where, and how" the conspiracy occurred. See United Healthcare Ins. Co., 848 F.3d at 1180. Defendant's vague allegations fail to inform Plaintiff what actions he allegedly took on any particular occasion that constituted joining and furthering a conspiracy with Barka and ILS, and are thus insufficient to satisfy the heightened pleading standard under Rule 9(b).

For these reasons, Defendant's proposed counterclaim for conspiracy to defraud fails to state a claim, and granting Defendant leave to amend to add its counterclaims would be futile. Further, Defendant's counterclaim for declaratory relief is entirely derivative of its claim for conspiracy to defraud. Because Defendant's conspiracy to defraud claim is futile, its declaratory relief claim is also futile. Accordingly, Defendant's motion for leave to amend its answer to assert counterclaims against Plaintiff is denied without prejudice.

**B.     Defendant's Motion to File a Third-Party Complaint Against Barka and ILS is Granted**

Defendant seeks to file a third-party complaint against Barka and ILS for breach of contract, intentional misrepresentation, negligent misrepresentation, equitable indemnity,

1  and declaratory relief. (Doc. No. 20 at 2-3.) Plaintiff does not oppose Defendant's request
2  to file a third-party complaint. (See Doc. No. 22.)

3  Under Federal Rule of Civil Procedure 14(a)(1), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

A third-party claim may be asserted under Rule 14 "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). "'The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id. at 200 (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)); see also United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983) ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.").

"The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." Sw. Adm'rs, 791 F.2d at 777 (citing One 1977 Mercedes Benz, 708 F.2d at 452). "Since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader." KKMB, LLC v. Khader, 2020 WL 7978993, at *4 (C.D. Cal. June 17, 2020) (quoting Fed. Deposit Ins. Corp. v. Loube, 134 F.R.D. 270, 272 (N.D. Cal. 1991).

    Defendant argues that under Federal Rule of Civil Procedure 14, it may file a third-party complaint against Barka and ILS because its equitable indemnity claim seeks to have Barka and ILS indemnify Defendant for any damages incurred by Plaintiff on the Agreement. (Id. at 12-14.) Under the doctrine of equitable indemnity, "defendants are entitled to seek apportionment of loss between the wrongdoers in proportion to their relative culpability so there will be equitable sharing of loss between multiple tortfeasors." Greystone Homes, Inc. v. Midtec, Inc., 168 Cal. App. 4th 1194, 1208 (2008) (quoting Gem Developers v. Hallcraft Homes of San Diego, Inc., 213 Cal. App. 3d 419, 431 (1989)); see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp., 143 Cal. App. 4th 1036, 1040 (2006) (equitable indemnity is "available among tortfeasors who are jointly and severally liable for the plaintiff's injury"). A claim for equitable indemnity is "wholly derivative" of the injured party's claims. Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1158 (2009).

    Here, Defendant's equitable indemnity claim seeks to transfer liability for Plaintiff's claims against Defendant to Barka and ILS, and is thus derivative of Plaintiff's claims against Defendant. Accordingly, Defendant's claims for equitable indemnity against Barka and ILS may properly be brought pursuant to Rule 14. See Stewart, 845 F.2d at 199 ("[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto.").

    Defendant argues further that in addition to its equitable indemnity claim, it may assert other claims against Barka and ILS under Federal Rule of Civil Procedure 18. (Doc. No. 20 at 14.) Indeed, Rule 18 provides that "[a] party asserting a . . . third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

    Lastly, Defendant argues that the Court has supplemental jurisdiction over the claims against Barka and ILS in its third-party complaint. (Doc. No. 20 at 15.) The federal supplemental jurisdiction statute provides that if a court has original jurisdiction over a case, it may exercise supplemental jurisdiction over "all other claims that are so related to

claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction extends to claims that involve the joinder or additional parties. Id.

Here, the claims in Defendant's third-party complaint against Barka and ILS concern the same controversy as Plaintiff's action against Defendant. (Doc. No. 20 at 15.) Plaintiff's claims against Defendant allege that Defendant made and recorded telephone calls to Plaintiff's cell phone without Plaintiff's consent. Defendant's proposed third-party claims generally allege Barka and ILS breached the Agreement by misrepresenting that Plaintiff's number was their own, which induced Defendant to make the calls at issue in Plaintiff's claims against Defendant. Accordingly, the Court has supplemental jurisdiction over Defendant's third-party claims against Barka and ILS.

For the reasons above, the Court grants Defendant leave to file a third-party complaint against Barka and ILS.

## CONCLUSION

For the reasons above, the Court DENIES without prejudice Defendant's motion for leave to amend its answer to assert counterclaims and GRANTS Defendant's motion for leave to file a third-party complaint. Defendant must file its third-party complaint within 14 days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: October 28, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT