# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM, Individually and on behalf of others,<br><br>                      Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>                      Defendant. | Case No.: 3:24-cv-00648-H-VET<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO SEAL;**<br><br>**(2) GRANTING JOINT MOTION REGARDING PRODUCTION OF CLASS DATA;**<br><br>**(3) GRANTING, IN PART, JOINT MOTION TO NARROW ISSUES FOR CLASS CERTIFICATION; AND**<br><br>**(4) GRANTING JOINT MOTION TO CONTINUE DATES**<br><br>**[Doc. Nos. 40, 41, 42, 44]** |

      Before the Court are four motions: 1) Defendant American Honda Finance Corporation's Unopposed Motion to File Under Seal ("Motion to Seal"); 2) Joint Motion Allowing Additional Time for Plaintiff to Bring a Discovery Dispute Regarding the Production of Class Data ("Data Production Motion"); 3) Joint Motion to Narrow Issues for Class Certification ("Class Issues Motion"); and 4) Joint Motion to Continue Dates in Scheduling Order ("Motion to Continue"). Doc. Nos. 40, 41, 42, 44. For the reasons

1

discussed below, the Court **GRANTS** the Motion to Seal, **GRANTS** Data Production Motion, **GRANTS IN PART** the Class Issues Motion, and **GRANTS** the Motion to Continue.

## I. BACKGROUND

Plaintiff brings this class action for alleged violations of the Telephone Consumer Protection Act ("TCPA") and California Invasion of Privacy Act ("CIPA"). Doc. No. 1. The Court entered a protective order in this matter on September 13, 2024, wherein the Court instructed the parties to limit requests to seal documents to specific portions of a document containing confidential information. Doc. No. 17. On December 11, 2024, the Court granted a joint motion to amend the scheduling order, extending the cutoff for class certification discovery to March 20, 2025. Doc. No. 33 at 2. On March 19, 2025, the parties filed the Motion to Seal, Data Production Motion, and the Class Issues Motion. Doc. Nos. 40, 41, 42.

In the unopposed Motion to Seal, Defendant American Honda Finance Corporation ("AHFC") seeks to seal confidential business information disclosed in the Data Production and Class Issues Motion. *See* Doc. No. 40. In support thereof, AHFC lodged unredacted versions of both joint motions for review by the Court. *See* Doc. No. 43. In the Data Production Motion, Plaintiff seeks to preserve his right to compel production of certain class data until June 21, 2025. Doc. No. 41 at 4. Because the parties plan to pursue global resolution via private mediation, the parties wish to avoid the potentially unnecessary costs of producing this data while preserving Plaintiff's ability to pursue production to a later time. *Id.* at 5. In the Class Issues Motion, the parties seek a Court order reflecting their agreement to certain stipulated terms. Doc. No. 42 at 2. Specifically, they stipulate to the following: (i) numerosity is met for purposes of Fed. R. Civ. P. 23; (ii) AHFC has the ability to search using the search term specified therein; and (iii) AHFC is required to produce the class data if and when class certification is granted. *Id.* at 4.

Finally, in the Motion to Continue, filed April 7, 2025, the parties seek a continuance of all case management deadlines by three (3) months. Doc. No. 44 at 5. The parties

1 | contend that good cause exists for an extension given their discovery efforts to date and
2 | their cooperation in seeking private mediation. *Id.* at 2–4. They also specify that a full-day
3 | mediation is scheduled for June 18, 2025 before JAMS mediator Judge Ronald Sabraw
4 | (Ret.). *Id.* at 4. This is the parties' second request to extend case deadlines. *See* Doc. Nos.
5 | 30, 33.

## II. MOTION TO SEAL

### A. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. To overcome this presumption, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto*, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096-98. When the underlying motion does not surpass this threshold, the "good cause" standard applies. *Id*. Further, "[e]ven if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible." *Craig v. Am. Tuna, Inc.*, No. 22-cv-00473, 2023 U.S. Dist. LEXIS 211558, at *10 (S.D. Cal. Nov. 28, 2023).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana* 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "In general, sealing court records under the compelling reasons test will be justified when such records can be used . . . 'as sources of business information that might harm a litigant's competitive standing'". *Lucas v. Breg, Inc.,* No.:15-cv-00258-BAS-NLS, 2016 U.S. Dist. LEXIS 134951 at *4 (S.D. Cal. Sep. 28, 2016). In turn, the lower "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). In the context of sealed materials attached to a discovery motion unrelated to the merits of a case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097.

**B.  Discussion**

First, the Data Production Motion is a discovery motion and therefore tangentially related to the merits of the case. *See Foltz*, 331 F.3d at 1135. Thus, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Per AHFC, the redacted portions of the Data Production Motion contain proprietary information related to internal records, coding, databases, and customer accounts. Doc. No. 41 at 6. AHFC further represents that it will be at a competitive disadvantage if this information is made public. *Id.* Having reviewed the Data Production Motion, the Court finds that good cause exists to seal the information as requested. AHFC has narrowly tailored its sealing request to those portions of the Data Production Motion containing sensitive information concerning its internal record-keeping that, if made public, are likely to result in prejudice or a competitive disadvantage.

Second, to the extent it relates to class certification, the Class Issues Motion is more than "tangentially related" to the merits of this class action. *See Al Otro Lado, Inc. v.*

*McAleenan*, No. 17-cv-02366-BAS-KSC, 2019 U.S. Dist. LEXIS 202431, at *9 (S.D. Cal. Nov. 21, 2019) (finding that motion for class certification is more than tangentially related to the merits of the case). Therefore, the "compelling reasons" standard applies. *Ctr. for Auto*, 809 F.3d at 1096–98. AHFC argues that compelling reasons justify sealing portions of the Class Issues Motion because those portions contain information regarding "how AHFC searches and pulls data from its system of record, including what internal codes and search functions can be applied and how much data can be yielded[.]" Doc. No. 42 at 5. AHFC further contends that this information, if made public, would provide its competitors "with advantageous information regarding features of AHFC's systems." *Id.*

The Court agrees that compelling reasons justify sealing portions of the Class Issues Motion as requested. AHFC details specific search terms, their results, and methodology for searching its internal databases that include customer information. AHFC also limited its request to sealing only those portions containing this detailed information about queries of AHFC's record system. For the foregoing reasons, the Court **GRANTS** the Motion to Seal.

### III.  DATA PRODUCTION MOTION

The Data Production Motion reflects significant efforts by AHFC to search and identify relevant data concerning putative class members, although Plaintiff had no opportunity to access, review, or search this data. The Motion also confirms the parties' desire to resolve this action via a global mediation without pursuing expensive and potentially unnecessary discovery. *See* Doc. No. 41 at 4 (confirming that production of the class data would be "moot" if the parties resolve the action at mediation). Under these circumstances, the Court finds that good cause exists to defer any discovery dispute surrounding the class data and production thereof. Accordingly, the Court **GRANTS** the Data Production Motion. Plaintiff must raise with the Court any dispute surrounding production of the class data **by no later than June 21, 2025.**

## IV. CLASS ISSUES MOTION

In the Class Issues Motion, the parties seek a Court order memorializing the following stipulations: 1) numerosity is met, as defined and required by Fed. R. Civ. P. 23; 2) AHFC has the ability to search for terms discussed in the redacted portions of the Motion; and 3) AHFC can only be required to produce the class data if and when class certification is granted, and then only for notice by an administrator. Doc. No. 42 at 3–4. Plaintiff contends the results from referenced search terms will identify putative class members for both the TCPA and CIPA classes while AHFC disputes this conclusion and reserves all opposing arguments. *Id.*

As to the parties' second and third stipulated terms, the Court **GRANTS** the parties' request, and as reflected below, memorializes in this Order the parties' agreement that AHFC has the ability to search for terms discussed in the redacted portions of the Motion; and AHFC will only be required to produce the class data if and when class certification is granted, and then only for notice by an administrator.

As to the parties' agreement concerning numerosity, the Court notes that this stipulated term directly impacts a motion for class certification under Fed. R. Civ. P. 23. A Rule 23 analysis "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 390 (2011). Moreover, since "the merits of the class members' substantive claims are often highly relevant when determining whether to certify a class[,]" the Court "*must* consider the merits [and] if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original). Because this stipulated term touches on the merits of the class claims, the undersigned deems it appropriate to refer this issue to the district judge. Therefore, the undersigned **REFERS** that portion of the Class Issues Motion concerning numerosity to the presiding district judge in this matter, District Judge Marilyn L. Huff, for final adjudication.

## V. MOTION TO CONTINUE

Lastly, the parties seek to extend all deadlines in the scheduling order by three (3) months to accommodate their private mediation. Doc. No. 44 at 5. The parties confirm that they reserved a full day mediation with Judge Ronald Sabraw (Ret.) for June 18, 2025 in Walnut Creek, CA. *Id.* at 4. When the parties filed the Motion to Continue, the only expired deadline was the class certification discovery cutoff of March 20, 2025. *See* Doc. No. 33 at 2–6. Thus, the parties request to extend nearly all case deadlines by three months.

The Court finds that good cause exists for the requested extension. As discussed above, the parties have conducted significant discovery, meet and confer efforts, and scheduled private mediation in the months preceding the Motion to Continue. The Court is satisfied that the parties' diligence and scheduled mediation warrant the requested extension. Accordingly, based on a review of the Motion to Continue and the record, and good cause appearing, the Court **GRANTS** the Motion to Continue.

## VI. CONCLUSION AND AMENDED SCHEDULING ORDER

For the foregoing reasons, the Court **GRANTS** the Motion to Seal, **GRANTS** the Data Production Motion, **GRANTS IN PART** the Class Issues Motion, and **GRANTS** the Motion to Continue.

The Court **FURTHER ORDERS** the following:

1. The Clerk of the Court shall **SEAL** the Data Production and Class Issues Motions in accordance with AHFC's proposed redactions. The redacted versions of the Data Production and Class Issues Motions, *see* Doc. Nos. 41 and 42, shall remain on the docket as filed. The unredacted versions, *see* Doc. Nos. 43-1 and 43-2, shall be sealed.

2. On or before **June 21, 2025**, Plaintiff may initiate discovery dispute procedures concerning the production of the class data referenced in the Data Production Motion. The Court reminds Plaintiff that he may not file a motion to compel without leave of Court and must adhere to the mandatory discovery dispute procedures set forth in the undersigned's Chambers Rules. *See* J. Torres Civ. Chambers R. VIII.

3. The Court **REFERS** that portion of the Class Issues Motion concerning the parties' stipulation that numerosity is met, as defined and required by Fed. R. Civ. P. 23, to District Judge Marilyn L. Huff for final adjudication.

4. As stipulated to by the parties, (i) AHFC has the ability to search for terms discussed in the redacted portions of the Class Issues Motion; and (ii) AHFC will only be required to produce the class data if and when class certification is granted, and then only for notice by an administrator.

5. All remaining dates and deadlines set forth in the Court's amended scheduling order, dated December 11, 2024, are hereby **VACATED**. *See* Doc. No. 33.

The Court issues the following **AMENDED SCHEDULING ORDER**:

1. Plaintiff(s) must file a motion for class certification by **August 7, 2025**.

2. All parties must complete all fact discovery by **September 23, 2025**. "Completed" means that all discovery under Fed. R. Civ. P. 30–36, and discovery subpoenas under Fed. R. Civ. P. 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall follow the procedures governing discovery disputes set forth in Judge Torres' Civil Chambers Rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent a Court order, no stipulation continuing or altering this requirement will be recognized by the Court.**

3. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **October 2, 2025** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

    b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

   c. **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

   d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

   e. **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, professional attire, not be driving while speaking to the Court, or otherwise distracted).

 4. The parties must designate their respective experts in writing by **October 24, 2025**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **November 7, 2025**. Written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

 5. By **December 8, 2025**, each party shall comply with the disclosure provisions in Fed. R. Civ. P. 26(a)(2)(A) and (B). This disclosure requirement applies to all persons

retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony. Any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

6. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **December 22, 2025**.

7. All expert discovery shall be completed by all parties by **January 22, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8. All pre-trial motions must be filed by **February 20, 2026**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **April 27, 2026**.

10. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **April 27, 2026**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **May 4, 2026**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P.

26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **May 11, 2026**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **May 19, 2026**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable **Marylin L. Huff** on **May 26, 2026** at **10:30 a.m.**

15. The dates set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

17. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  April 16, 2025

Honorable Valerie E. Torres
United States Magistrate Judge