1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM, individually and on behalf of others,<br><br>                              Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>                              Defendant. | Case No.: 3:24-cv-00648-H-VET<br><br>**ORDER REGARDING RULE 45 SUBPOENAS TO ILS LABS, INC. AND DANNY BARKA** |

On September 12, 2025, the Court held a Follow-On Discovery Conference regarding four Fed. R. Civ. P. 45 subpoenas propounded by Defendant American Honda Finance Corporation ("AHFC") to various third parties, including, but not limited to, subpoenas served on Third-Party Defendants ILS Labs, Inc. ("ILS"), dated August 15, 2025 ("ILS Subpoena"), and Danny Barka ("Barka"), dated August 15, 2025 ("Barka Subpoena").

Having reviewed the ILS and Barka Subpoenas, considered arguments and the Joint Discovery Dispute Statement by AHFC and ILS and Barka (collectively the "Parties"), and for the reasons stated on the record, the Court issues this Order reflecting the Parties' agreements and the Court's findings concerning the ILS and Barka Subpoenas. Accordingly, the Court **ORDERS** as follows:

1

1.    ILS **SHALL** comply with the ILS Subpoena (attached hereto as **Exhibit A**), subject to the limitations specified below:

| Request | Limitations |
|---|---|
| 1. ALL applications, contracts, AND/OR DOCUMENTS that list the SUBJECT LINE as a number for ILS. | No changes to the original request. |
| 2. ALL applications, contracts, AND/OR DOCUMENTS that list the SUBJECT LINE as BARKA's work telephone number at ILS. | No changes to the original request. |
| 3. ALL DOCUMENTS showing the date AND/OR amount for investments, loans, AND/OR cash infusions in ILS by ANY PERSON, including ANY community property assets. | This request shall be limited to members of the Shammam and Barka families. |
| 4. ALL COMMUNICATIONS between ILS, including ANY PERSON acting on ILS' behalf, AND SWIGART, including but not limited to at OR near the time BARKA submitted the credit application on behalf of ILS. | No changes to the original request. |

3:24-cv-00648-H-VET

| Request | Limitations |
|---|---|
| 5. ALL DOCUMENTS that list a phone number associated with ILS, including but not limited to applications, contracts, business cards, AND/OR email signature lines. | This request shall be limited to the SUBJECT NUMBER (i.e. -7172 telephone number). |
| 6. ALL engagement agreement(s) between ILS AND SWIGART. | No changes to the original request. |
| 7. DOCUMENTS sufficient to show the full account number ending in -9857 AND/OR the bank name for payments made to AHFC. | Clarification: the original request only seeks DOCUMENTS sufficient to show the full account number, not all DOCUMENTS with the account number. Transactions unrelated to ILS or the LEASE shall be redacted. |
| 8. DOCUMENTS sufficient to show ANY account(s) used to make payments to AHFC on the LEASE. | DOCUMENTS sufficient to identify applicable accounts will be produced but transactions unrelated to ILS or the LEASE shall be redacted. |
| 9. ALL DOCUMENTS RELATING TO setting up AND/OR cancelling EasyPay payments with AHFC. | No changes to the original request. |
| 10. ALL DOCUMENTS RELATING TO the LEASE. | No changes to the original request. |

3:24-cv-00648-H-VET

| Request | Limitations |
|---------|-------------|
| 11. ALL DOCUMENTS RELATING TO the VEHICLE. | This request shall not be interpreted to seek repair bills or gas receipts for the VEHICLE. |
| 12. The current VEHICLE registration. | AHFC agreed to withdraw this request. No response required. |
| 13. ALL DOCUMENTS showing minutes for meetings of ILS AND/OR its officers, owners, and/or directors, from 2018 through today. | No changes to the original request. |
| 14. ALL QuickBooks records RELATING TO ILS from 2018 (the incorporation of ILS) to today. | No changes to the original request. |
| 15. ALL DOCUMENTS RELATING TO licensing applications by ILS to the Department of Cannabis Control in California. | This request is limited to the VEHICLE, PLAINTIFF, and/or the Barka family. |
| 16. ALL DOCUMENTS RELATING TO the incorporation of ILS. | AHFC agreed to withdraw this request. No response required. |
| 17. Custodian of Records Affidavit supporting the documents requested in items 1-16 above. | No changes to the original request. |

2.     Barka **SHALL** comply with the Barka Subpoena (attached hereto as **Exhibit B**), subject to the limitations specified below:

4

| Request | Limitations |
|---|---|
| 1. ALL COMMUNICATIONS between YOU AND SWIGART, including but not limited to at OR near the time YOU leased the VEHICLE. | No changes to the original request. |
| 2. ALL engagement agreement(s) between YOU AND SWIGART. | No changes to the original request. |
| 3. ALL COMMUNICATIONS between YOU AND SHAMMAM RELATING TO the VEHICLE, the LEASE, AND/OR AHFC, including but not limited to at OR near the time YOU leased the VEHICLE. | No changes to the original request. |
| 4. ALL COMMUNICATIONS between YOU AND ANN RELATING TO the VEHICLE, the LEASE, AND/OR AHFC, including but not limited to at OR near the time YOU leased the VEHICLE. | No changes to the original request. |
| 5. ALL COMMUNICATIONS between YOU AND anyone RELATING TO the VEHICLE, the LEASE, AND/OR AHFC, including but not limited to at OR near the time YOU leased the VEHICLE. | No changes to the original request. |

3:24-cv-00648-H-VET

| Request | Limitations |
|---|---|
| 6.  ALL COMMUNICATIONS between YOU AND SHAMMAM RELATING TO the allegations in the First Amended Complaint filed on April 5, 2024 by SHAMMAM in the ACTION. | No changes to the original request. |
| 7.  ALL COMMUNICATIONS between YOU AND ANN RELATING TO the allegations in the First Amended Complaint filed on April 5, 2024 by SHAMMAM in the ACTION. | No changes to the original request. |
| 8.  ALL COMMUNICATIONS between YOU AND anyone RELATING TO the allegations in the First Amended Complaint filed on April 5, 2024 by SHAMMAM in the ACTION. | This request shall not be interpreted to seek DOCUMENTS regarding Danny Barka's COMMUNICATIONS with The Law Office of Kevin Lemieux, APC. |
| 9.  DOCUMENTS sufficient to show the full account number ending in -9857 AND the bank name for payments made to AHFC on the LEASE. | Clarification:  the original request only seeks DOCUMENTS sufficient to show the full account number, not all DOCUMENTS with the account number. Transactions unrelated to ILS or the LEASE will be redacted. |
| 10. DOCUMENTS sufficient to show ANY account(s) used to make payments to AHFC on the LEASE. | DOCUMENTS sufficient to identify applicable accounts will be produced but transactions unrelated to ILS or the LEASE will be redacted. |

3:24-cv-00648-H-VET

| Request | Limitations |
|---------|-------------|
| 11. ALL DOCUMENTS RELATING TO setting up AND/OR cancelling EasyPay payments with AHFC. | No changes to the original request. |
| 12. ALL DOCUMENTS RELATING TO the LEASE. | No changes to the original request. |
| 13. ALL DOCUMENTS RELATING TO the VEHICLE. | This request shall not be interpreted to seek repair bills or gas receipts for the VEHICLE. |
| 14. The current VEHICLE registration. | AHFC agreed to withdraw this request. No response required. |
| 15. ALL DOCUMENTS that list a work phone number for YOU from the incorporation of ILS in 2018 to today. | This request shall be limited to DOCUMENTS that list the SUBJECT LINE (i.e. the -7172 telephone number) as a work number for Danny Barka. |
| 16. Custodian of Records Affidavit supporting the documents requested in items 1-15 above. | No changes to the original request. |

3.      ILS and Barka **SHALL** produce documents responsive to the ILS and Barka Subpoenas, respectively, by no later than **October 10, 2025**.

4.      Any dispute that arises from this Order **SHALL** be raised with the Court without delay according to the undersigned's Chambers Rules, and may be raised, as necessary, after the current September 23, 2025 deadline to complete fact discovery.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge

7

# EXHIBIT A

**WOMBLE BOND DICKINSON (US) LLP**
SCOTT J. HYMAN (SBN 148709)
Scott.Hyman@wbd-us.com
GENEVIEVE R. WALSER-JOLLY (SBN 262784)
Genevieve.Walser-Jolly@wbd-us.com
STEPHANIE G. CHAU (SBN 292699)
Stephanie.Chau@wbd-us.com
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800

TOMIO V. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
R. TRAVIS CAMPBELL (SBN 271580)
Travis.Campbell@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 765-6234

Attorneys for Defendant
AMERICAN HONDA FINANCE
CORPORATION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

QUINTIN SHAMMAM
Individually and on behalf of others,

      Plaintiff,

    vs.

AMERICAN HONDA FINANCE
CORPORATION,

      Defendant.

Case No.: 3:24-cv-00648-H-VET

**DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO ILS LABS INC.**

Action Filed: April 5, 2024
Trial Date:    None Set

1

DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO ILS LABS INC.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant AMERICAN HONDA FINANCE CORPORATION ("AHFC"), through the undersigned attorney or record, pursuant to FED. R. CIV. P. 45(a)(4), hereby provide Notice of Subpoena to Produce Documents to be served on ILS LABS INC., a copy of which is attached hereto.

DATED: August 15, 2025               WOMBLE BOND DICKINSON (US) LLP

By: _____/s/ Genevieve Walser-Jolly_____
                                    SCOTT J. HYMAN
                                    GENEVIEVE R. WALSER-JOLLY
                                    STEPHANIE G. CHAU
                                    TOMIO V. NARITA
                                    R. TRAVIS CAMPBELL

                                    Attorneys for Defendant AMERICAN HONDA FINANCE CORPORATION

2

DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO ILS LABS INC.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | |
|---|---|
| QUINTIN SHAMMAM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:24-cv-00648-H-VET |
| AMERICAN HONDA FINANCE CORPORATION | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     ILS LABS INC. c/o Quintin Shammam 2221 CAMINO DEL RIO S STE 207
SAN DIEGO, CA  92108

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Genevieve.Walser-Jolly@wbd-us.com Womble Bond Dickinson, 400 Spectrum Center Dr. Ste 1700 Irvine, CA 92618 | Date and Time: 08/28/2025 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/15/2025

*CLERK OF COURT*

OR

_____          /s/ Genevieve Walser-Jolly
*Signature of Clerk or Deputy Clerk*          _____
                                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **DEFENDANT**
AMERICAN HONDA FINANCE CORPORATION_____, who issues or requests this subpoena, are:
Genevieve Walser-Jolly, WOMBLE BOND DICKINSON (US) LLP, 400 SPECTRUM CENTER DRIVE, SUITE 1700
IRVINE CA 92618, genevieve-walser-jolly@wbd-us.com, 657-266-1069

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:24-cv-00648-H-VET

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**QUINTIN SHAMMAM vs. AMERICAN HONDA FINANCE CORPORATION**
**USDC SOUTHERN DISTRICT OF CALIFORNIA**
**CASE NO. 3:24-cv-00648-H-VET**

**Attachment A to Subpoena to Produce to**
**Custodian of Records for ILS Labs, Inc.**

**DEFINITIONS AND INSTRUCTIONS**

1.  "**ANY**" and "**ALL**," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

2.  "**AND/OR**" shall be defined to include both "and" and "or" and shall always be read to require the more inclusive response.

3.  The term "**ACTION**" means the action filed April 5, 2024, in the civil action entitled *Quintin Shammam v. American Honda Finance Corporation*, Case No. 3:24-cv-00648-H-VET in the United States District Court, Southern District of California.

4.  "**BARKA**" means Danny Barka.

5.  "**SHAMMAM**" means Quintin Shammam, the Plaintiff in the **ACTION**.

6.  "**SUBJECT LINE**" refers to phone number (619) 992-7172.

7.  "**ILS**" means ILS Labs, Inc.

8.  "**AHFC**" means American Honda Finance Corporation.

9.  "**SWIGART**" means Swigart Law Group, APC, including but not limited to Joshua Swigart.

10. "**VEHICLE**" means the 2020 Honda Civic Sport Sedan, VIN 2HGFC2F89LH530818.

11. "**LEASE**" means The Closed-End Motor Vehicle Agreement dated May 18, 2020, including all documents submitted to Ball Automotive in support thereof, as related to the **VEHICLE**.

12. "**DOCUMENT**" includes all documents, information, or things within the scope of Fed. R. Civ. P. 34 including electronically stored data and information in their native format and all associated metadata.

13. "**PERSON(S)**" means **ANY** natural **PERSON** or other legal entity, including without limitation **ANY** corporation, partnership, business, trust, agency, joint venture, or governmental organization, department or entity.

14. "**COMMUNICATION**" or "**COMMUNICATIONS**" means an instance in which words or information are transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the **COMMUNICATION** was initiated, including, but not limited to, email, text messaging, correspondence, conversation, instructions, meetings, requests, demands, conferences, and via social networking sites including but not limited to Facebook, Instagram, and Twitter..

15. "**RELATING TO**" means supporting, tending to support, refuting, tending to refute, or concerning (including mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

16. Under Rule 45 of the Federal Rules of Civil Procedure, YOU are required to (a) produce the requested documents as they are kept in the ordinary course of business, or, in the alternative, YOU must organize and label them to correspond to the categories set forth in this subpoena; and (b) produce electronically stored information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

17. Under Rule 45 of the Federal Rules of Civil Procedure, if YOU withhold or fail to produce any subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material, YOU must (a) expressly make the claim and (b) provide a log describing the nature of the withheld documents, communications or tangible things in a manner that, without revealing information that is itself privileged or protected, will enable the subpoenaing party, to assess YOUR claim of privilege or protection.

**The time period encompassed by this subpoena, unless otherwise stated, is from September 1, 2018 through present.**

## <u>DOCUMENT PRODUCTION REQUESTS:</u>

1.      **ALL** applications, contracts, **AND/OR DOCUMENTS** that list the **SUBJECT LINE** as a number for **ILS**.

2.      **ALL** applications, contracts, **AND/OR DOCUMENTS** that list the **SUBJECT LINE** as **BARKA's** work telephone number at **ILS**.

3.      **ALL DOCUMENTS** showing the date **AND/OR** amount for investments, loans, **AND/OR** cash infusions in **ILS** by **ANY PERSON**, including **ANY** community property assets.

4.      **ALL COMMUNICATIONS** between **ILS**, including **ANY PERSON** acting on **ILS'** behalf, **AND SWIGART**, including but not limited to at **OR** near the time **BARKA** submitted the credit application on behalf of **ILS**.

5.      **ALL DOCUMENTS** that list a phone number associated with **ILS**, including but not limited to applications, contracts, business cards, **AND/OR** email signature lines.

6.      **ALL** engagement agreement(s) between **ILS AND SWIGART**.

7.      **DOCUMENTS** sufficient to show the full account number ending in -9857 **AND/OR** the bank name for payments made to **AHFC**.

8.      **DOCUMENTS** sufficient to show **ANY** account(s) used to make payments to **AHFC** on the **LEASE**.

9.      **ALL DOCUMENTS RELATING TO** setting up **AND/OR** cancelling EasyPay payments with **AHFC**.

10.     **ALL DOCUMENTS RELATING TO** the **LEASE**.

11.     **ALL DOCUMENTS RELATING TO** the **VEHICLE**.

12.     The current **VEHICLE** registration.

13.   **ALL DOCUMENTS** showing minutes for meetings of **ILS AND/OR** its officers, owners, and/or directors, from 2018 through today.

14.   **ALL** QuickBooks records **RELATING TO ILS** from 2018 (the incorporation of **ILS**) to today.

15.   **ALL DOCUMENTS RELATING TO** licensing applications by **ILS** to the Department of Cannabis Control in California.

16.   **ALL DOCUMENTS RELATING TO the** incorporation of **ILS.**

17.   Custodian of Records Affidavit supporting the documents requested in items 1 – 16 above.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2025, a copy of the foregoing **DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE TO ILS LABS INC.,** was served by email on all parties of record.

Dated: August 15, 2025                    By:   */s/Emily R. Griffin*
                                                                   Emily R. Griffin

3
DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO ILS LABS INC.

# EXHIBIT B

**WOMBLE BOND DICKINSON (US) LLP**
SCOTT J. HYMAN (SBN 148709)
Scott.Hyman@wbd-us.com
GENEVIEVE R. WALSER-JOLLY (SBN 262784)
Genevieve.Walser-Jolly@wbd-us.com
STEPHANIE G. CHAU (SBN 292699)
Stephanie.Chau@wbd-us.com
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800

TOMIO V. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
R. TRAVIS CAMPBELL (SBN 271580)
Travis.Campbell@wbd-us.com
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 765-6234

Attorneys for Defendant
AMERICAN HONDA FINANCE
CORPORATION

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM,<br>Individually and on behalf of others,<br><br>          Plaintiff,<br><br>     vs.<br><br>AMERICAN HONDA FINANCE<br>CORPORATION,<br><br>          Defendant. | Case No.: 3:24-cv-00648-H-VET<br><br>**DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO DANNY BARKA**<br><br>Action Filed: April 5, 2024<br>Trial Date:     None Set |

1

DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO DANNY BARKA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant AMERICAN HONDA FINANCE CORPORATION ("AHFC"), through the undersigned attorney or record, pursuant to FED. R. CIV. P. 45(a)(4), hereby provide Notice of Subpoena to Produce Documents to be served on DANNY BARKA, a copy of which is attached hereto.

DATED:  August 15, 2025          WOMBLE BOND DICKINSON (US) LLP

                                 By:  _____ */s/ Genevieve Walser-Jolly* _____
                                      SCOTT J. HYMAN
                                      GENEVIEVE R. WALSER-JOLLY
                                      STEPHANIE G. CHAU
                                      TOMIO V. NARITA
                                      R. TRAVIS CAMPBELL

                                 Attorneys for Defendant AMERICAN HONDA
                                 FINANCE CORPORATION

DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO
DANNY BARKA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| QUINTIN SHAMMAM | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:24-cv-00648-H-VET |
| AMERICAN HONDA FINANCE CORPORATION | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    DANNY BARKA
1420 Vista Sierra Dr El Cajon, CA 92019-3584

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Genevieve.Walser-Jolly@wbd-us.com<br>Womble Bond Dickinson, 400 Spectrum Center Dr. Ste 1700 Irvine, CA 92618 | Date and Time:<br><br>08/28/2025 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/15/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Genevieve Walser-Jolly |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    DEFENDANT
AMERICAN HONDA FINANCE CORPORATION                        , who issues or requests this subpoena, are:
Genevieve Walser-Jolly, WOMBLE BOND DICKINSON (US) LLP, 400 SPECTRUM CENTER DRIVE, SUITE 1700 IRVINE CA 92618, genevieve-walser-jolly@wbd-us.com, 657-266-1069

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:24-cv-00648-H-VET

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**QUINTIN SHAMMAM vs. AMERICAN HONDA FINANCE CORPORATION**
**USDC SOUTHERN DISTRICT OF CALIFORNIA**
**CASE NO. 3:24-cv-00648-H-VET**

**Attachment A to Subpoena to Produce to Danny Barka**

**DEFINITIONS AND INSTRUCTIONS**

1.  "**ANY**" and "**ALL**," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

2.  "**AND/OR**" shall be defined to include both "and" and "or" and shall always be read to require the more inclusive response.

3.  The term "**ACTION**" means the action filed April 5, 2024, in the civil action entitled *Quintin Shammam v. American Honda Finance Corporation*, Case No. 3:24-cv-00648-H-VET in the United States District Court, Southern District of California.

4.  "**YOU**" means Danny Barka.

5.  "**SHAMMAM**" means Quintin Shammam, the Plaintiff in the **ACTION**.

6.  "**ANN**" means Ann Shammam.

7.  "**ILS**" means ILS Labs, Inc.

8.  "**AHFC**" means American Honda Finance Corporation.

9.  "**SWIGART**" means Swigart Law Group, APC, including but not limited to Joshua Swigart.

10. "**VEHICLE**" means the 2020 Honda Civic Sport Sedan, VIN 2HGFC2F89LH530818.

11. "**LEASE**" means The Closed-End Motor Vehicle Agreement dated May 18, 2020, including all documents submitted to Ball Automotive in support thereof, as related to the **VEHICLE**.

12. "**DOCUMENT**" includes all documents, information, or things within the scope of Fed. R. Civ. P. 34 including electronically stored data and information in their native format and all associated metadata.

13. "**PERSON(S)**" means **ANY** natural **PERSON** or other legal entity, including without limitation **ANY** corporation, partnership, business, trust, agency, joint venture, or governmental organization, department or entity.

14. "**COMMUNICATION**" or "**COMMUNICATIONS**" means an instance in which words or information are transferred or transmitted between two or more **PERSONS** by whatever manner or means, and regardless of how or by whom the **COMMUNICATION** was initiated, including, but not limited to, email, text messaging, correspondence, conversation, instructions, meetings, requests, demands, conferences, and via social networking sites including but not limited to Facebook, Instagram, and Twitter.

15. "**RELATING TO**" means supporting, tending to support, refuting, tending to refute, or concerning (including mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, relating to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

16. Under Rule 45 of the Federal Rules of Civil Procedure, YOU are required to (a) produce the requested documents as they are kept in the ordinary course of business, or, in the alternative, YOU must organize and label them to correspond to the categories set forth in this subpoena;

and (b) produce electronically stored information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

17.     Under Rule 45 of the Federal Rules of Civil Procedure, if YOU withhold or fail to produce any subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material, YOU must (a) expressly make the claim and (b) provide a log describing the nature of the withheld documents, communications or tangible things in a manner that, without revealing information that is itself privileged or protected, will enable the subpoenaing party, to assess YOUR claim of privilege or protection.

**The time period encompassed by this subpoena, unless otherwise stated, is from September 1, 2018 through present.**

## DOCUMENT PRODUCTION REQUESTS:

1.    **ALL COMMUNICATIONS** between **YOU AND SWIGART**, including but not limited to at **OR** near the time **YOU** leased the **VEHICLE.**

2.    **ALL** engagement agreement(s) between **YOU AND SWIGART**.

3.    **ALL COMMUNICATIONS** between **YOU AND SHAMMAM RELATING TO** the **VEHICLE**, the **LEASE**, **AND/OR AHFC**, including but not limited to at **OR** near the time **YOU** leased the **VEHICLE**.

4.    **ALL COMMUNICATIONS** between **YOU AND ANN RELATING TO** the **VEHICLE**, the **LEASE**, **AND/OR AHFC**, including but not limited to at **OR** near the time **YOU** leased the **VEHICLE**.

5.    **ALL COMMUNICATIONS** between **YOU AND** anyone **RELATING TO** the **VEHICLE**, the **LEASE**, **AND/OR AHFC**, including but not limited to at **OR** near the time **YOU** leased the **VEHICLE**.

6.    **ALL COMMUNICATIONS** between **YOU AND SHAMMAM RELATING TO** the allegations in the First Amended Complaint filed on April 5, 2024 by **SHAMMAM** in the **ACTION**.

7.    **ALL COMMUNICATIONS** between **YOU AND ANN RELATING TO** the allegations in the First Amended Complaint filed on April 5, 2024 by **SHAMMAM** in the **ACTION**.

8.    **ALL COMMUNICATIONS** between **YOU AND** anyone **RELATING TO** the allegations in the First Amended Complaint filed on April 5, 2024 by **SHAMMAM** in the **ACTION.**

9.    **DOCUMENTS** sufficient to show the full account number ending in -9857 **AND** the bank name for payments made to **AHFC** on the **LEASE**.

10.   **DOCUMENTS** sufficient to show **ANY** account(s) used to make payments to **AHFC** on the **LEASE**.

11.   **ALL DOCUMENTS RELATING TO** setting up **AND/OR** cancelling EasyPay payments with **AHFC**.

12.   **ALL DOCUMENTS RELATING TO** the **LEASE**.

13.   **ALL DOCUMENTS RELATING TO** the **VEHICLE**.

14.   The current **VEHICLE** registration.

15.   **ALL DOCUMENTS** that list a work phone number for **YOU** from the incorporation of **ILS** in 2018 to today.

16.   Custodian of Records Affidavit supporting the documents requested in items 1 – 15 above.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2025, a copy of the foregoing **DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE TO DANNY BARKA,** was served by email on all parties of record.

Dated: August 15, 2025                    By:  */s/Emily R. Griffin*
                                                        Emily R. Griffin

DEFENDANT'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO DANNY BARKA