UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN SHAMMAM, individually and on behalf of others,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA FINANCE CORPORATION,<br><br>Defendant. | Case No.: 3:24-cv-00648-H-VET<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO FILE UNDER SEAL; AND**<br><br>[Doc. No. 104.]<br><br>**(2) DIRECTING THE CLERK TO FILE THE PROPOSED DOCUMENTS UNDER SEAL**<br><br>[Doc. No. 105.] |

On August 7, 2025, Plaintiff Quintin Shammam filed a Motion to Certify Class. (Doc. No. 55.)  On November 3, 2025, Defendant American Honda Finance Corporation ("AHFC") filed a response.  (Doc. No. 103.)  In support of its opposition to motion for class certification, AHFC provided the Declaration of Genevieve Walser-Jolly ("Walser-Jolly Declaration) and the Declaration of Christopher Hawes ("Hawes Declaration"). (Doc. No. 103-1, 103-15.)  On November 3, 2025, AHFC filed an unopposed motion to file under seal portions of the Walser-Jolly Declaration, the Hawes Declaration, and

1

portions of its Opposition to Motion for Class Certification referencing the declarations. (Doc. No. 104.) For the reasons discussed below, the Court grants the motion to seal.

## DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret' a 'strong presumption in favor of access' is the starting point." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. Foltz, 331 F.3d at 1135. To overcome this presumption, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. Ctr. for Auto, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. Id. at 1096-98. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon, 435 U.S. at 598). "In general, sealing court records under the compelling reasons test will be justified when such records can be used . . . 'as sources of business information that might harm a litigant's competitive standing'". Lucas v. Breg, Inc., No.:15-cv-00258-BAS-NLS, 2016 U.S. Dist. LEXIS 134951 at *4 (S.D. Cal. Sep. 28, 2016).

Here, the documents at issue relate to class certification and are more than "tangentially related" to the merits of this class action. See <u>Al Otro Lado, Inc. v. McAleenan</u>, No. 17-cv-02366-BAS-KSC, 2019 U.S. Dist. LEXIS 202431, at *9 (S.D. Cal. Nov. 21, 2019) (finding that motion for class certification is more than tangentially related to the merits of the case). Thus, the "compelling reasons" standard applies. <u>Ctr. for Auto</u>, 809 F.3d at 1096–98. AHFC argues that compelling reasons justify sealing portions of the Walser-Jolly Declaration, the Hawes Declaration, and portions of its Opposition to Motion for Class Certification referencing the declarations because those portions contain "how AHFC searches and pulls data from its system of record, including what internal codes and search functions can be applied and how much data can be yielded[.]" (Doc. No. 104 at 7.) AHFC contends that this information, if made public, would provide its competitors with "advantageous information regarding features of AHFC's systems." (<u>Id.</u>) Further, AHFC notes that certain portions of the declarations are subject to debt collection laws, including the Federal Debt Collection Practices Act, and state corollaries. (<u>Id.</u> at 9-11.) As a financial institution, AHFC also argues that it owes privacy and security duties to its customers under the Gramm-Leach-Bliley Act, implementing regulations, and corollary state privacy laws. (<u>Id.</u>)

After reviewing the portions to be filed unpder seal, the Court agrees that compelling reasons justify sealing portions of the Walser-Jolly Declaration, the Hawes Declaration, and portions of its Opposition to Motion for Class Certification referencing the declarations as requested. AHFC has narrowly tailored its sealing request to those portions containing sensitive information concerning its internal record-keeping that, if made public, are likely to result in prejudice or a competitive disadvantage. The Court directs the Clerk to file the proposed documents under seal. (Doc. No. 105.)

**IT IS SO ORDERED.**

DATED: November 10, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT